UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| KELLY D. WARFIELD, | ) | CIV. 07-5026-AWB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | FOR RECONSIDERATION |
| DOUGLAS L. WEBER, Warden, | ) | AND DENYING MOTION FOR |
| South Dakota State Penitentiary; | ) | APPOINTMENT OF EXPERT |
| and STATE OF SOUTH DAKOTA, | ) | |
| | ) | |
| Respondents. | ) | |

On January 29, 2009, this Court denied Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and dismissed this case. Docket 72. On February 9, 2009, Petitioner filed a motion for appointment of expert, Docket 74, and a motion for reconsideration, Docket 75. Additionally, on February 27, 2009, Petitioner filed a motion for leave to take depositions, Docket 79, a motion for a certificate of appealability, Docket 82, and a motion to proceed in forma pauperis, Docket 83. For the reasons stated below, the Court denies Petitioner's motion for reconsideration, motion for appointment of expert, motion for leave to take depositions, and motion for certificate of appealability. Petitioner's motion for leave to proceed in forma pauperis is granted.

**Motion to Reconsider**

Federal Rule of Civil Procedure 60 provides the following regarding grounds for relief from a final judgment or order:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In actions such as this one brought under 28 U.S.C. § 2254, Rule 60(b) applies only to the extent it is not inconsistent with applicable federal statutes and rules. Gonzalez v. Crosby, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). A pleading framed as a motion to reconsider may be construed as a successive habeas petition if it contains a "claim," defined as "an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. In other words, if a motion raises "claims," it should be construed instead as a second or successive habeas petition, not a motion to reconsider. Id. at 531-32 (stating that permitting such a 60(b) filing would undesirably circumvent AEDPA's stringent requirements about second petitions). Successive habeas petitions are limited in several ways in 28 U.S.C. § 2244(b).

The Court has reviewed Petitioner's motion to reconsider. The Court declines to evaluate whether Petitioner's motion for reconsideration is one brought under Federal Rule of Civil Procedure 60(b), or whether it is a second petition, since it concludes that in either case Petitioner's motion must be denied.

Construing Petitioner's pro se motion for reconsideration liberally, as this Court must do, it concludes that none of Petitioner's claims presented in its motion fall within the confines of Federal Rule of Civil Procedure 60. In this

2

motion, Petitioner merely reframes several of his earlier arguments from his petition in light of the Court's most recent order denying his habeas petition, and none of the grounds he raises falls within the Rule 60 categories listed above which permit reconsideration of an order.

Specifically, Petitioner's claims do not rely on newly-discovered evidence, as discussed in Rule 60(b)(2), nor does any improper action by an opposing party warrant reconsideration, as discussed in Rule 60(b)(3). Additionally, the Court does not believe that the judgment is void or that Petitioner raises any other reason which justifies relief from the Court's previous order. See Fed. R. Civ. P. 60(b)(4), (6).

While Petitioner does point out two mistakes by the Court in its order denying his motion, one is a typing error – or, as Petitioner acknowledges may be the case, an "honest mistake." See Docket 75, page 6-7; Docket 72, page 10 (misstating Petitioner's testimony regarding his response to the victim's inquiry if he was moving to North Carolina). The second is an error of the Court based on a misreading of Petitioner's petition. Id. at 11-12 (misstating what Petitioner told his lawyer about informing the state about victim's alleged statements to Rhonda Eiesland and whether the attorney shared this with the state). In its order, the Court comprehensively addressed both of these issues, giving several reasons for denying relief on both issues. Accordingly, the Court does not believe that either of these minor errors rises to the level of a mistake sufficient to justify relief from its previous order. See Fed. R. Civ. P. 60(b)(1).

Since Rule 60(b) does not permit this Court to reconsider its previous ruling, Petitioner's motion for reconsideration must be denied.

Additionally, if the Court were to construe Petitioner's claims as second or successive claims governable by 28 U.S.C. § 2244(b), they similarly must be denied. 28 U.S.C. § 2244(b)(1) states that a claim "that was presented in a prior application shall be dismissed." See Thompson v. Nixon, 272 F.3d 1098, 1102 (8th Cir. 2001) (describing the statute's wording as "uncompromising"). Each of Petitioner's arguments in his motion to reconsider is a restatement of arguments presented in his original petition and is in response to the Court's rationale for denying relief on these claims. Therefore, if the Court were to construe Petitioner's pleading as a second petition, each claim must still be denied under 28 U.S.C. § 2244(b)(1).

**Motion for Certificate of Appealability**

Federal Rule of Civil Procedure 22 provides that a habeas petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." 28 U.S.C. § 2253(c)(2) states that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." The Court has reviewed the extensive record in this case in the process of issuing its order denying Petitioner's motion under 28 U.S.C. § 2254, and it does not believe that Petitioner has made a substantial showing of the denial of a

4

constitutional right. Therefore, it denies Petitioner's motion for a certificate of appealability.

**Motion to Proceed In Forma Pauperis**

The Court has reviewed the file in this case, including Petitioner's motion for leave to proceed in forma pauperis on appeal and his affidavit in support of his motion. Docket 83; Docket 83-2. As it appears that Petitioner has made a sufficient showing that he is unable to pay the fees required to file an appeal in this matter, the Court grants Petitioner's motion to proceed in forma pauperis. Fed. R. App. P. 24(a)(2).

**Motion to Appoint Expert and to Take Depositions**

Petitioner's final two motions are to appoint an expert, Docket 74, and to take depositions, Docket 79. The Court has already denied Petitioner's motion for writ of habeas corpus brought under 28 U.S.C. § 2254. See Docket 72. In these recent motions, Petitioner expresses an intent to supplement the already-existing record on appeal with the additional expert and deposition testimony. As all substantive proceedings before this Court are completed, the Court interprets these motions as motions to correct or modify the record on appeal.

Federal Rule of Appellate Procedure 10 provides that the record on appeal shall consist of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceeding, if any; and (3) a certified copy of the docket entries prepared by the district clerk." This Court can modify the record only when there is a dispute about "whether the record truly discloses what occurred in the district court," or if there is "anything material to either party that is omitted from or

misstated in the record by error or accident." See Fed. R. App. P. 10(e). The Court finds that there is no need to supplement the record with additional expert or deposition testimony. Petitioner does not claim, nor would the Court find, that the record at this point misrepresents Petitioner's case or the considerations made by the district court; therefore, modification of the record is not permitted under Federal Rule of Appellate Procedure 10(e)(1). Relief is similarly unwarranted under 10(e)(2), as the Court does not believe that anything material to the Court's decision in denying Petitioner's § 2254 petition is omitted from or misstated in the record. For these reasons, the Court denies Petitioner's request to supplement the record through the appointment of an expert or through the addition of deposition testimony.

Accordingly, it is hereby

ORDERED that Petitioner's motion for reconsideration, Docket 75, is DENIED.

IT IS FURTHER ORDERED that based upon the reasons set forth herein and pursuant to Fed. R. App. P. 22(b), the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, Petitioner's motion for a certificate of appealability, Docket 82, is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for leave to proceed in forma pauperis, Docket 83, is GRANTED.

IT IS FURTHER ORDERED that Petitioner's motion for appointment of an expert, Docket 74, is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for leave to take depositions, Docket 79, is DENIED.

Dated April 22, 2009.

BY THE COURT:

/s/ Andrew W. Bogue
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE